NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDVIN JOSUE XILOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1853

Agency No.
A206-418-167

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2024**
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

Petitioner Edvin Josue Xilos, a native and citizen of Guatemala, seeks review

of a decision from the Board of Immigration Appeals (BIA) affirming the

Immigration Judge's (IJ) denial of his requests for asylum, withholding of removal,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review for substantial evidence the BIA's factual findings. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We review de novo due process claims, *Reyes-Melendez v. I.N.S.*, 342 F.3d 1001, 1006 (9th Cir. 2003), questions of law, and mixed questions of law and fact, *Mendoza-Pablo v. Holder,* 667 F.3d 1308, 1312 (9th Cir. 2012).

Xilos states he fears he will be persecuted and/or tortured if removed to Guatemala because "his family has suffered past persecution," and he belongs to a particular social group, as defined in various ways throughout the record. In support of his claims for relief, Xilos testified that in 2014, extortionists came to a sundry store he owned and asked him to join their group so that they could use the store for their illegal activities. When he declined their invitation, they beat him. Xilos reported the incident to the police and filed a complaint, but the police did not do anything. On another occasion, the extortionists visited his store and destroyed everything there. They hit him and warned him that, if he continued to decline their invitation, they would kill him. Xilos again reported the incident to the police, but they did nothing. The threats continued, forcing Xilos to flee Guatemala. About two years after Xilos left, his father, who remained in Guatemala, told Xilos that

extortionists had asked where he was. His father also stated that the police had "found" some of the extortionists.

1. We decline to consider those issues for which Xilos failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1).

"Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citations omitted). Where the BIA has addressed an issue, the issue has been exhausted. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) (noting court may review any issue addressed on the merits by the BIA, regardless of whether petitioner raised it before the agency). A petitioner's failure to raise an issue to the BIA, though, will generally constitute a failure to exhaust. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) ("A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal."), *abrogated in part by Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023); *Barr*, 975 F.3d at 960 (9th Cir. 2020) (noting exhaustion requires the BIA to have had sufficient notice as to what is being challenged that it has the opportunity to "pass on this issue").

First, we decline to review whether Xilos is eligible for asylum or withholding on account of his membership in a particular social group comprised of "returning Guatemalans from the United States perceived to pose a threat of filing criminal

allegations for past crimes." This proposed social group was raised for the first time on appeal to the BIA. Accordingly, the IJ did not have an opportunity to address the issue and the BIA declined to address it. Moreover, even if we were to consider this argument, it would likely fail under our precedent. *Conde Quevedo v. Barr*, 947 F.3d 1238 (9th Cir. 2020).

Second, we decline to review the IJ's determination that Xilos failed to establish (1) a nexus between the harm he suffered in Guatemala and his family membership; (2) that any of his other proposed groups are cognizable social groups for purposes of asylum and withholding; and (3) that the Guatemalan government was unable or unwilling to protect him from persecution. Our review of Xilos's counseled brief to the BIA confirms what the BIA concluded—that Xilos waived any challenge to the IJ's determination on these dispositive issues. Although the brief Xilos submitted in support of his appeal to the BIA states that the IJ erred in denying him asylum and withholding, it fails to present any argument as to where or how the IJ erred. Instead, the brief pivots to offer a wholly new social group that was not presented to the IJ. *See Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) ("[T]he BIA is entitled to look to [a petitioner's] brief for an explication of the issues that petitioner is presenting to have reviewed.").

Third, we decline to consider the IJ's denial of relief under CAT. Again, our review of Xilos's brief to the BIA confirms that although Xilos stated he was

appealing the IJ's denial of CAT, he failed to present any argument as to where or how the IJ erred. Thus, the BIA did not err in considering the issue waived. *See Alanniz*, 924 F.3d at 1069 n.8 (concluding a petitioner failed to exhaust his administrative remedies where "CAT was mentioned only twice in [his] brief to the BIA, in the introduction and in the conclusion" and "[t]he brief contained no argument for relief under the CAT").

2. Finding no error in the BIA's waiver determinations, we conclude there was no due process violation. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) (no due process violation absent showing of a denial of a full and fair hearing and prejudice).

**PETITION DENIED.**